IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:16-cr-00319-AA |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| JODY ESPERANZA, | |
| Defendant. | |

AIKEN, District Judge:

Now before the Court is defendant Jody Esperanza's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release). Doc. 51. For the reasons that follow, the motion is DENIED.

## BACKGROUND

On January 25, 2017, the Court sentenced Esperanza to 120 months of imprisonment and 15 years of supervised release, following his guilty plea to one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B)

and (b)(2).  Docs. 43, 44.  He is serving his sentence at Federal Correctional Institution ("FCI") Terminal Island.  Esperanza has been in custody since November 6, 2014, his projected release date is May 14, 2023.

On May 29, 2020, Esperanza sent a request for compassionate release to the Warden of FCI Terminal Island, and the Warden denied the request on July 16, 2020.  Doc. 54 Ex. D at 2–3.  He filed this motion on August 28, 2020.  The Court heard oral argument on the matter on September 10, 2020 and September 30, 2020, held status conferences on January 15, 2021, and January 22, 2021, and has received letter and email updates from Esperanza and the Government concerning developments in his medical diagnoses and care over the past months.

## STANDARDS

Generally, a district court "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010).  Compassionate release under § 3582(c)(1)(A) provides an exception in rare cases.  Until 2018, § 3582 allowed compassionate release only upon a motion by the Bureau of Prisons ("BOP").  With the passage of the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (Dec. 21, 2018), Congress authorized courts to modify a defendant's sentence on a motion filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A).

Under § 3582(c)(1)(A), a court may reduce a defendant's sentence if it finds that two conditions are met: (1) that "[e]xtraordinary and compelling reasons warrant such a reduction" and (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." If the court finds that those conditions are met, before granting a sentence reduction, it must "consider[] the factors set forth in [18 U.S.C.] § 3553(a) to the extent applicable[.]" 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (reasoning that "[18 U.S.C. §§ 3582(c)(1) and (c)(2)'s parallel language and structure[] compel us to conclude that compassionate release hearings are sentence-modification proceedings and that courts considering motions filed under § 3582(c)(1) must follow a *Dillon*-style test" and describing the three-part test for compassionate release motions (citing *Dillon*, 560 U.S. at 827, 829–30)).

The Sentencing Commission's policy statement regarding sentence reductions under § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13. The policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age, medical conditions, and family circumstances. U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). It also requires courts to find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* § 1B1.13(2). But this policy statement, which has not been updated since the First Step Act amended § 3582(c)(1)(A), only applies to motions filed by the BOP Director on behalf of a defendant. *United States v. Aruda*, 933 F.3d 797, 802 (9th Cir. 2021). On a defendant's direct motion for compassionate release, the policy statement "may

inform a district court's discretion, . . . but [it is] not binding." *Id*. As a result, the court may consider any extraordinary and compelling reason for release that a defendant might raise. *Id*.

## DISCUSSION

Because Esperanza's institutional request for compassionate release was denied, this motion is properly before the Court.

Esperanza asks the Court to reduce his sentence to time served. He asserts that BOP's inability to provide him adequate and necessary medical care for a potentially life-threatening condition and several chronic conditions, his recovery from a COVID-19 infection, and the risk of reinfection at FCI Terminal Island present extraordinary and compelling reasons for immediate release. In the alternative, Esperanza seeks a lesser sentence reduction to 101 months' imprisonment, which would allow the BOP to reassess his eligibility for early release to community corrections under 18 U.S.C. § 3624(c). The government opposes release arguing that Esperanza failed to demonstrate extraordinary and compelling reasons for release and that his release will pose a danger to the community.

Esperanza is 58 years old and suffers from several chronic conditions, including hypothyroidism, diverticulosis, and back pain. He discovered a mass in his right testicle in early February 2020 and sought medical care. At a February 27, 2020, appointment at Health Services, his provider confirmed the presence of a "hard, palpable, nonmovable" and "nontender" testicular mass and requested an "urgent" radiology consult for a diagnostic ultrasound. Doc. 54 Ex. B at 38–40. Despite

Esperanza's follow-up conversation with his provider two weeks later, his June 2, 2020, written request to Medical Administrator of FCI Terminal Island, and his counsel's August 7, 2020, inquiry to the Warden, he had not received an ultrasound or any care related to the mass by when he filed this motion. Doc. 54 Ex. A; *id.* Ex. B at 34; *id.* at C. Esperanza has also experienced significant delays in other procedures, including a spinal MRI requested in April 2019, and a colonoscopy requested in March 2019. As a result of these delays, particularly for the ultrasound for his testicular mass, Esperanza has experienced pain and distress.

In May 2020, Esperanza tested positive for COVID-19, while FCI Terminal Island was at the height of its outbreak and has been deemed "recovered." *Id.* Ex. B at 29. Currently, BOP reports no active, confirmed COVID-19 infections among inmates at FCI Terminal Island. *COVID-19 Coronavirus*, FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited May 5, 2021).

During the COVID-19 pandemic, courts have recognized that, when a defendant has a chronic medical condition that may substantially increase the defendant's risk of becoming seriously ill or dying from COVID-19, that condition may satisfy the standard of extraordinary and compelling reasons. *See United States v. Hanson*, 470 F. Supp. 3d 1197, 1202–03 (D. Or. 2020); *United States v. Barber*, 466 F. Supp. 3d 1127, 1130–32 (D. Or. 2020); *United States v. Joling*, 466 F. Supp. 3d 1141, 1145–47 (D. Or. 2020). Here, however, Esperanza's age is his only risk factor for severe illness from COVID-19, and, at 59 he falls within an age range that appears to be at moderate risk. *See Older Adults*, CTRS. FOR DISEASE CONTROL & PREVENTION:

COVID-19 (Apr. 16, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/olderadults.html (last visited May 5, 2020) (noting that "[t]he risk for severe illness with COVID-19 increases with age," with "[t]he greatest risk from COVID-19 . . . among those aged 85 or older"). Esperanza also had a high blood pressure value of 147/79 in August 2020, doc. 54 Ex. B at 1, but has not been diagnosed with hypertension. Hypertension "possibly . . . can make [people] more likely to get severely ill from COVID-19." *See People with Certain Medical Conditions*, CTRS. FOR DISEASE CONTROL & PREVENTION: COVID-19 (Apr. 29, 2021) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited May 5, 2021).

Esperanza's testicular mass, which had gone undiagnosed for seven months, was most concerning to the Court. At the September 10, 2020 hearing, the Government confirmed that BOP had scheduled Esperanza's ultrasound, and the Court continued the hearing to September 30, 2020, to allow Esperanza to get the ultrasound and results of the procedure. The ultrasound results indicated that Esperanza had epididymal head cysts on each testicle, rather than a cancerous tumor. His doctors prescribed antibiotics to treat the cysts and ordered blood tests to rule out cancer. After significant delays, Esperanza received his prescription and the testing, and the bloodwork came back normal. Similarly, Esperanza experienced long delays in receiving care for his back pain and history of diverticulitis, but he ultimately received an MRI in November 2020 and, in March 2021, was scheduled for

a consultation with a gastrointestinal specialist to discuss his medical history and request for a colonoscopy.

At this time, the conditions at FCI Terminal Island appear to have improved, though the timeline was longer than would be expected pre-pandemic, FCI Terminal Island staff have been able to meet Esperanza's medical needs. Additionally, Esperanza is scheduled for pre-release to community corrections this month. Under these circumstances, the Court finds that Esperanza has not shown extraordinary and compelling reasons for a reduction in his sentence—either to time served or 101 months' imprisonment.

## CONCLUSION

The Court has considered all the relevant factors for compassionate release and concludes that Esperanza has not shown circumstances that meet the high bar set by Congress and the Sentencing Commission for release under 18 U.S.C. § 3852(c)(1)(A). Accordingly, the Court DENIES Esperanza's Motion to Reduce Sentence (doc. 51).

IT IS SO ORDERED.

Dated this __6th__ day of May 2021.

                                                /s/Ann Aiken
                                                Ann Aiken
                                      United States District Judge