IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JODY ESPERANZA, <br><br> Defendant. | Case No. 6:16-cr-00319-AA <br> **OPINION AND ORDER** |

AIKEN, District Judge:

Defendant Jody Esperanza seeks partial reconsideration of this Court's Opinion and Order (doc. 64) denying his motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). For the following reasons, defendant's Motion for Reconsideration (doc. 65) is GRANTED, but his request for a sentence reduction is DENIED.

**STANDARDS**

Although the Federal Rules of Criminal Procedure do not expressly authorize the filing of motions for reconsideration, circuit courts, including the Ninth Circuit,

have held that motions for reconsideration may be filed in criminal cases. *See United States v. Fiorelli,* 337 F.3d 282, 286 (3d Cir. 2003) ("As noted by the Second and Ninth Circuits, motions for reconsideration may be filed in criminal cases"); *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir.2000) ("As the Second Circuit noted . . . , post-judgment motions for reconsideration may be filed in criminal cases"); *United States v. Mendez*, 2008 WL 2561962, at *1–2 (C.D. Cal. June 25, 2008) (ruling on a motion seeking reconsideration of an order denying a defendant's request that the government be directed to provide a list of its potential witnesses at trial); *United States v. Hector*, 368 F.Supp.2d 1060, 1063 (C.D. Cal. 2005), *rev'd on other grounds,* 474 F.3d 1150 (9th Cir.2007) (ruling on a reconsideration motion regarding an order denying a motion to suppress).

Federal Rule of Criminal Procedure 57(b), "Procedure When There is No Controlling Law," states in relevant part, "A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district." Thus, "motions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings." *Mendez*, 2008 WL 2561962, at *2 (citing *Hector*, 368 F.Supp.2d at 1063, and *Fiorelli*, 337 F.3d at 286). In ruling on motions for reconsideration in criminal cases, courts have relied on the standards governing Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. *See id.* (applying the standard governing Rule 60(b)); *Hector*, 368 F.Supp.2d at 1063 (analyzing a reconsideration motion as a Rule 59(e) motion).

Rule 59(e) authorizes motions to alter or amend a judgment, which may be granted if the judgment is based on a manifest error of law or fact, among other grounds. *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1991). Rule 60(b) permits relief from final judgments, orders, or proceedings. Rule 60(b) motions may be granted on any of six grounds, including, as relevant here, mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b). Motions brought under either rule are committed to the discretion of the trial court. *McDowell*, 197 F.3d at 1255 n.1 (Rule 59(e)); *Barber v. Hawai'i*, 42 F.3d 1185, 1198 (9th Cir. 1994) (Rule 60(b)).

## DISCUSSION

On May 6, 2021, the Court denied defendant's motion to reduce his sentence to time-served or, in the alternative, to 105 months' imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). *United States v. Esperanza*, 2021 WL 1818484 (D. Or. May 6. 2021). "For a § 3582(c)(1)(A)(i) motion filed by a defendant, courts currently consider (1) whether 'extraordinary and compelling reasons warrant such a reduction'; and (2) 'the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable.'" *United States v. Keller*, ___ F. 4th ___, 2021 WL 2695129, at *5 (9th Cir. July 1, 2021) (per curiam) (quoting 18 U.S.C. § 3582(c)(1)(A)(i) and citing *United States v. Aruda*, 933 F.3d 797, 801–02 (9th Cir. 2021)).

Defendant had asserted that the Bureau of Prison's inability to provide him with adequate and necessary medical care for a potentially life-threatening condition and several chronic conditions, the impacts of his prior COVID-19 infection, and the risk of reinfection at FCI Terminal Island presented extraordinary and compelling

Page 3 – OPINION AND ORDER

reasons for a sentence reduction. The Court found that defendant had not shown extraordinary and compelling reasons for a reduction in his sentence, reasoning in part that he was "scheduled for pre-release to community corrections this month." *Esperanza*, 2021 WL 1818484, at *3. Defendant and the Government agree that this premise of the Court's ruling is incorrect. Doc. 65 at 1–2; Doc. 66 at 2.

In April, the Government provided updated medical records to the Court by email and noted that "[b]ased on the records, it appears [defendant] will be transitioning to the CCC next month." Doc. 65, Ex. 2. The relevant record, a chart note from April 7, 2021, stated that defendant "is scheduled for CCC next month, May, 2021." *Id.* Ex. 1. In the federal criminal justice context, the abbreviation "CCC" can stand for "Community Corrections Center." *See, e.g.*, BOP Program Statement 7310.04, *Community Correction Center (CCC) Utilization and Transfer Procedure* (Dec. 16, 1998). However, in defendant's records, "CCC" meant "Chronic Care Clinic" and "transitioning to the CCC" meant that defendant will now be seen at least once a year by a physician.[1] Thus, the Court agrees with the parties that its earlier decision was based on a factual error and that reconsideration is, therefore, warranted.

---

[1] BOP Program Statement 6031.04, *Patient Care* (June 3, 2014) provides:

> Chronic Care Clinics (CCCs) are a means for inmates with ongoing medical needs to be tracked and seen by a health care provider at clinically appropriate intervals. A physician will see all inmates assigned to a CCC every 12 months, or more often if clinically indicated.

*Id.* at 18.

On reconsideration, defendant seeks only a partial reduction in his sentence—from 120 months' to 105 months' imprisonment. Doc. 105. Having reviewed the materials in this case, the Court reaffirms its earlier denial of defendant's motion.

BOP is still reporting no active, confirmed COVID-19 infections among inmates at FCI Terminal Island. COVID-19 Coronavirus, FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited July 8, 2021). According to defendant's latest BOP medical records, he received his second COVID-19 vaccine dose on May 12. As previously mentioned, defendant's only risk factor for severe illness or death from COVID-19 is his age. Both the circumstances at FCI Terminal Island and his vaccination status greatly reduce his risk of reinfection.

Defendant has also continued to receive medical care for his concerning conditions. His first CCC appointment was on May 20, 2021. He also had an appointment at sick call earlier that day. Chart notes from the sick call appointment indicate that defendant's September 2020 ultrasound of his testicles produced normal results and at an October 2020 appointment with a urologist no testicular mass had been found. But defendant stated that he felt that the lumps had gotten bigger and still feared that it might be cancer, so medical services requested that defendant receive a follow up ultrasound no later than July 16, 2021. Notes from defendant's CCC later that day state that defendant had bloodwork to rule out malignancy. The CCC appointment notes also state that defendant reported that he was fine, he had no complaints, and that medications had helped his back pain and migraines. He also denied chest pain, shortness of breath, palpitations, weight loss, or fainting. Although

defendant emphasizes that he still has not received a colonoscopy that his expert witness opined he "urgent[ly]" needed, his medical records indicate that a doctor in the Gastroenterology clinic at FCI Terminal Island evaluated defendant on May 21, 2021, and requested that defendant receive an off-site colonoscopy no later than July 30, 2021.

As the Court previously observed, FCI Terminal Island staff have been able to meet Esperanza's medical needs, albeit on a delayed timeline because of impacts to medical services within the facility and in the outside community. *Esperanza*, 2021 WL 1818484, at *3. And defendant's transition to a Chronic Care Clinic provides further assurances that medical staff at the facility will track and provide care for his chronic conditions. The Court acknowledges that the delays caused defendant physical and emotional pain. But given defendant's low risk from COVID-19 and the Court's finding that FCI Terminal Island has provided adequate medical care for defendant's conditions, the Court cannot find that defendant has shown extraordinary and compelling reasons to reduce his sentence. Defendant's request for a partial sentence reduction under § 3852(c)(1)(A)(i) is, therefore, DENIED. *See Keller*, 2021 WL 2695129, at *5 ("Although a district court must perform th[e] sequential inquiry before it *grants* compassionate release, a district court that properly *denies* compassionate release need not evaluate each step").

IT IS SO ORDERED and DATED this  12th  day of July 2021.

                                      /s/Ann Aiken
                                    Ann Aiken
                        United States District Judge