IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JODY ESPERANZA,<br><br>    Defendant. | Case No. 6:16-cr-00319-AA<br>**OPINION AND ORDER** |

AIKEN, District Judge:

Before the Court is defendant Jody Esperanza's renewed motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Doc. 69. The Court held argument on the motion on November 10, 2021 and granted it for the following reasons.

### STANDARDS

Under 18 U.S.C. § 3582(c)(1)(A), Court may modify a defendant's sentence on a motion filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by

Page 1 – OPINION AND ORDER

the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). "For a § 3582(c)(1)(A)(i) motion filed by a defendant, courts currently consider (1) whether 'extraordinary and compelling reasons warrant such a reduction'; and (2) 'the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable.'" *United States v. Keller*, 2 F.4th 1278, 1283–84 (9th Cir. 2021) (per curiam) (quoting 18 U.S.C. § 3582(c)(1)(A)(i) and citing *United States v. Aruda*, 993 F.3d 797, 801–02 (9th Cir. 2021)). The Sentencing Commission's policy statements regarding sentence reductions under § 3582(c)(1)(A), found at U.S.S.G. § 1B1.13, "may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *Aruda*, 993 F.3d at 802.

## DISCUSSION

Esperanza is serving a 120-month sentence for possessing child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) at Federal Correctional Institution ("FCI") Terminal Island.

Esperanza first asked the Court to reduce his sentence to time served in August 2020. Doc. 51. The Court heard oral argument on the matter on September 10, 2020 and September 30, 2020, held status conferences on January 15, 2021 and January 22, 2021, and received letter and email updates from Esperanza and the Government concerning developments in Esperanza's medical diagnoses and care until May 6, 2021, when the Court denied the motion. Docs. 58, 59, 62–64. Shortly after that, Esperanza filed a motion for reconsideration and modified his request to seek a partial sentence reduction to 105 months' imprisonment. Doc. 65. On July 12,

2021, the Court granted reconsideration, but denied the partial sentence reduction. Doc. 68.

Now, Esperanza asks the Court to reduce his sentence to time served. As in his earlier motions, in this renewed motion Esperanza asserts that the Bureau of Prisons' inability to provide him with adequate and necessary medical care for several of his conditions, the impacts of his prior COVID-19 infection, and the risk of reinfection at FCI Terminal Island present extraordinary and compelling reasons for a sentence reduction. The Government opposes the motion on the grounds raised in its responses to his earlier motions—namely, that Esperanza has not demonstrated extraordinary and compelling reasons and that his release will pose a danger to the community.

He has been in custody since November 6, 2014, and his projected release date is May 14, 2023. Esperanza is 60 years old and suffers from several chronic conditions, including hypothyroidism, hypertension, and epididymal head cysts on each testicle. He also has a history of diverticulosis, which was found during a colonoscopy in 2011, and contracted COVID-19 in May 2020. Of most concern to the Court are Esperanza's testicular and gastrointestinal issues and the significant delays he has experienced trying to obtain diagnostic procedures and care for these conditions.

Esperanza first discovered a lump on his right testicle in early February 2020. He sought medical care and, at a Health Services appointment in late February, his provide confirmed the presence of a hard, palpable, nonmovable lump on the testicle

Page 3 – OPINION AND ORDER

and requested an urgent radiology consult for a diagnostic ultrasound. As Dr. Jill Ginsberg, MD MPH, a board-certified family physician who provided her expert opinion in a November 2020 letter to the Court, explains, the provider's findings "require prompt follow-up with a scrotal ultrasound to rule out cancer." Letter of Dr. Jill Ginsberg at 2, provided to Court and Government by email on Dec. 15, 2020. But the lump went undiagnosed for seven months and caused Esperanza significant pain and distress in the meantime. In late September, Esperanza finally underwent an ultrasound and was diagnosed with epididymal head cysts on each testicle. These cysts are generally benign and asymptomatic, but sometimes need "surgical excision because of chronic pain." *Id.* Esperanza was prescribed an antibiotic "for the possibility [that the cysts were caused by an] infection" and blood tests to further rule out the possibility of testicular cancer. *Id.* Esperanza continues to experience pain from the cysts. On May 20, 2021, he went to Health Services, complaining that the lumps seem to have grown, and Health Services requested that Esperanza receive a follow-up ultrasound no later than July 16, 2021. He has not yet had the procedure.

As mentioned, doctors found diverticulosis when performing a colonoscopy on Esperanza in 2011. In March 2019, health services requested a follow-up colonoscopy. Then, in January 2020, Esperanza had a positive guiac test, which means he had occult (hidden) blood in his stool. According to Dr. Ginsberg, if blood is detected in a guiac test, "a colonoscopy is needed to determine the source of the bleeding." *Id.* at 1. Although the bleeding could be caused by hemorrhoids or polyps, even a single positive test "could be an indication of colon cancer and must be followed

up as soon as possible by direct visualization of the colon with colonoscopy." *Id*. at 2. In November 2020, Dr. Ginsberg recommended that Esperanza be scheduled for one "without further delay." *Id*. But Esperanza was not evaluated by a gastroenterologist at FCI Terminal Island until May 21, 2021. At that appointment, the gastroenterologist agreed that Esperanza should have a colonoscopy, and health services requested that he receive one no later than July 30, 2021. Esperanza has not yet had the procedure.

The Court has previously acknowledged that the COVID-19 pandemic has caused delays in offsite procedures. And because medical staff at FCI Terminal Island appeared to be making progress on the ultrasound and colonoscopy that Esperanza needs, the Court denied his last release motion. But six months after the requests were made, Esperanza has still not had either procedure. The seventh month delay in diagnosing Esperanza's testicular cysts and the continuing two-plus year delay in his colonoscopy demonstrate that the facility is not able to provide adequate care for potentially life-threatening conditions. On this record, the Court finds that Esperanza's circumstances meet the "extraordinary and compelling reasons" requirement under § 3582(c)(1)(A). Under the Sentencing Commission's policy statement, circumstances that may present extraordinary and compelling circumstances include "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(B). Similarly, courts have found extraordinary and compelling

reasons for a sentence reduction when defendants were unable to access adequate medical care at Bureau of Prisons facilities during the pandemic. *See United States v. Sparks*, No. 6:13-cr-00228-AA-1 at 5–6 (D. Or. Sept. 29, 2021) (finding that extraordinary and compelling reasons existed after over year of delay in surgical consult and surgery for defendant's hernia and where lack of appropriate follow up for ear infections put him at risk of permanent hearing loss and life-threatening complications); *United States v. Kelley*, 464 F. Supp. 3d 1134, 1137 (N.D. Cal. 2020) (finding extraordinary and compelling reasons where defendant's oncology appointment was months overdue); *United States v. Mel*, No. TCD-18-0571, 2020 WL 2041674, at *3 (D. Md. Apr. 28, 2020) (finding extraordinary and compelling reasons existed where defendant was unable to receive medical care and a diagnosis for a thyroid mass).

The Court also finds that the applicable factors under § 3553(a) support reducing Esperanza's sentence to time served. The "need . . . to provide the defendant with needed . . . medical care[ and] other correctional treatment in the most effective manner," weighs in favor of release. 18 U.S.C. § 3553(a)(2)(D). As mentioned, he is long overdue for a colonoscopy and test results from over two years ago indicate that he could have colon cancer. Additionally, Esperanza has not been able to participate in the sex offender treatment that he needs while incarcerated. Esperanza also has an exemplary prison record, with no disciplinary write ups, active participation in all programming available to him, and service in mentorship and leadership roles. Given the unusually harsh conditions, infection with COVID-19, and pain and mental

anguish from delayed diagnostic care that Esperanza has endure while at FCI Terminal Island during the pandemic, the Court finds that the sentence he has already served is "sufficient but not greater than necessary" to reflect the gravity and seriousness of his offense, provide just punishment, and deter further criminal conduct. *Id.* at (a)(2)(A)-(B). The Court also finds that a time served sentence, combined with Esperanza's rehabilitation efforts while incarcerated, a highly structured release plan including a term of residence at a residential reentry center, and intensive sex offender treatment upon release will adequately "protect the public from further crimes of the defendant." *Id.* at (a)(2)(C).

## CONCLUSION

The Court finds that defendant has established extraordinary and compelling reasons to warrant a reduction of Esperanza's sentence under 18 U.S.C. § 3582(c)(1)(A)(i). Esperanza's renewed motion (doc. 69) is therefore GRANTED, and defendant's sentence of imprisonment is modified to time served. The Court will impose additional special conditions of supervised release once Esperanza's release plan is finalized by the United States Probation Office.

IT IS SO ORDERED.

DATED this <u>10th</u> day of November 2021.

<u>      /s/Ann Aiken         </u>
Ann Aiken
United States District Judge
